## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **AMBERLY, LLC, ASHWOOD, LLC,** | ) | |
| **EASTPOINTE I, LLC, and** | ) | |
| **KETTERING, LLC,** | ) | |
| | ) | |
| **Counter-Plaintiffs.** | ) | |
| | ) | **CASE NO: 1:15-cv-723** |
| **v.** | ) | |
| | ) | |
| **AMTAX HOLDINGS 204, LLC,** | ) | **United States District Judge** |
| **AMTAX HOLDINGS 265, LLC,** | ) | **William O. Bertelsman** |
| **AMTAX HOLDINGS 205, LLC,** | ) | |
| **AMTAX HOLDINGS 206, LLC,** | ) | **Magistrate Judge** |
| **TCH II PLEDGE POOL, LLC, and** | ) | **Stephanie K. Bowman** |
| **TAX CREDIT HOLDINGS III, LLC,** | ) | |
| **ALDEN PACIFIC ASSET MANAGEMENT,** | ) | **JURY DEMANDED** |
| **LLC and ALDEN TORCH FINANCIAL, LLC,** | ) | |
| | ) | |
| **Counter-Defendants.** | ) | |

## DEFENDANTS'/COUNTER-PLAINTIFFS' FIRST AMENDED COUNTERCLAIM

Counter-Plaintiffs, Amberly, LLC, Ashwood, LLC, Eastpointe I, LLC, and Kettering, LLC, ("Counter-Plaintiffs"), for their Amended Counterclaim against Counter-Defendants, AMTAX Holdings 204, LLC, AMTAX Holdings 265, LLC, AMTAX Holdings 205, LLC, AMTAX Holdings 206, LLC, TCH II Pledge Pool, LLC, Tax Credit Holdings III, LLC, Alden Pacific Asset Management, LLC, ("Alden Management"), and Alden Torch Financial, LLC, ("Alden LLC"), ("Counter-Defendants"), state as follows:

### *The Parties*

1.      Counter-Plaintiff Amberly, LLC is the General Partner of Amberly Apartments, LP, an Ohio limited partnership. Amberly Apartments, LP owns a multi-family rental housing development in Columbus, Ohio. AMTAX Holdings 204, LLC is the Investor Limited Partner, and TCH II Pledge Pool, LLC is the Special Limited Partner.

2.     Counter-Plaintiff Ashwood, LLC is the General Partner of Ashwood Apartments, LP, an Ohio limited partnership. Ashwood Apartments, LP owns a multi-family rental housing development in Cincinnati, Ohio. AMTAX Holdings 265, LLC is the Investor Limited Partner, and TCH II Pledge Pool, LLC is the Special Limited Partner.

3.     Counter-Plaintiff Eastpointe I, LLC is the General Partner of Eastpointe Apartments, LP, an Ohio limited partnership. Eastpointe Apartments, LP owns a multi-family rental housing development in Norwood, Ohio. AMTAX Holdings 205, LLC is the Investor Limited Partner, and Tax Credit Holdings III, LLC is the Special Limited Partner.

4.     Counter-Plaintiff Kettering, LLC is the General Partner of Kettering Apartments, LP, an Ohio limited partnership. Kettering Apartments, LP owns a multi-family rental housing development in Dayton, Ohio. AMTAX Holdings 206, LLC is the Investor Limited Partner, and TCH II Pledge Pool, LLC is the Special Limited Partner.

5.     Counter-Defendant Alden Management is a Limited Liability Company organized in Delaware and having its principal place of business in Colorado. It holds itself out as the authorized representative of AMTAX Holdings 204, LLC, AMTAX Holdings 265, LLC, AMTAX Holdings 205, LLC, AMTAX Holdings 206, LLC, TCH II Pledge Pool, LLC, and Tax Credit Holdings III, LLC.

6.     Counter-Defendant Alden LLC is a Limited Liability Company that holds an ownership interest in and exerts control over the limited partners of AMTAX Holdings 204, LLC, AMTAX Holdings 265, LLC, AMTAX Holdings 205, LLC, AMTAX Holdings 206, LLC, TCH II Pledge Pool, LLC, and Tax Credit Holdings III, LLC.

*Jurisdiction and Venue*

7.     This Court has jurisdiction over each of these claims pursuant to 28 U.S.C. § 1332, as the amount in controversy far exceeds $75,000 as to each property/partnership and on the whole for all four properties/partnerships, exclusive of interest and costs, and is between citizens of different states. Upon information and belief, each Counter-Defendant is a limited liability company whose members are citizens of a state other than Illinois. Each Counter-Plaintiff is a limited liability company whose members are citizens of the State of Illinois.

8.     This Court has the authority to render the declaratory judgment requested in accordance with 28 U.S.C. § 2201 and Counter-Plaintiffs are entitled to the declaratory judgment sought herein.

9.     Venue is appropriate in this Court, because a majority of the properties at issue are situated within this Court's geographic area of coverage in Ohio.

*Historical Background*

10.     Amberly Apartments, LP, Ashwood Apartments, LP, Eastpointe Apartments, LP, and Kettering Apartments, LP, ("Ohio Limited Partnerships"), were each formed in 2002. Since their inception, each General Partner has acted as the general partner for each partnership. First Merit Realty Services, Inc., an unaffiliated property manager, initially managed each property. Since about March 2003, each property has been managed by Ten South Management Company, LLC ("Ten South"), which is affiliated with the General Partners. Affiliates of the General Partners accrued fees to which they were due and have advanced significant funds to the Ohio Limited Partnerships, all of which were disclosed in the audited financial statements.

11.     Since their inception, each of the Ohio Limited Partnerships has retained an accounting firm to audit the books and records of the Ohio Limited Partnerships. Each year since

their inception, an independent auditor has prepared reports which include balance sheets, statements of operations, statements of partners' equity, cash flow statements, and footnotes describing all related-party transactions. These audit reports were provided to the Investor Limited Partners and Special Limited Partners each year.

12.     Upon information and belief, a controlling interest in the Investor Limited Partners and the Special Limited Partners in each of the Ohio Limited Partnerships has changed over the years. Also on information and belief, in about April 2015, an affiliate of Alden LLC acquired an ownership interest in the Investor Limited Partners and the Special Limited Partners in each of the Ohio Limited Partnerships. Through its ownership interest and otherwise, Alden LLC exerts control over the Limited Partners in the Ohio Limited Partnerships.

13.     On March 30, 2015, and May 18, 2015, the predecessor of Alden Management, HCP Pacific Management, LLC, sent letters to each of the Counter-Plaintiffs asserting that Counter-Plaintiffs had committed certain defaults under the limited partnership agreements.

14.     This was the first time that any of the Investor Limited Partners or Special Limited Partners in any of the Ohio Limited Partnerships asserted that Counter-Plaintiffs had committed any acts that constituted a default of their obligations as General Partners.

15.     Counter-Plaintiffs denied and continue to deny that they committed any acts of default.

16.     The dispute in March 2015 involved accounting issues dating back to 2007. These issues would not have arisen had the Limited Partners voiced any concerns when they received the audits as they were prepared each year and had the Limited Partners submitted timely bills for the amounts they asserted they were owed. Nevertheless, an affiliate of the General Partners

agreed to pay certain sums to the Limited Partners in an effort to resolve the disputes and did so in April 2015.

17.     The Limited Partners were paid Asset Management Fees based on annual invoices they submitted. Over the course of several years, those invoices overstated the amount of Asset Management Fees to which the Limited Partners were entitled. The Limited Partners were paid those improper amounts based on their incorrect invoices.

18.     Following the receipt of funds in April 2015, the Limited Partners asserted that the alleged defaults were not cured because the payments did not include interest. Contrary to the assertion of the Limited Partners, no interest was owed to them. The Limited Partners also asserted through their representative that the Limited Partners had the right to demand that the General Partners remove the management agents on the properties.

19.     Counsel for the General Partners wrote to counsel for the representative of the Limited Partners on May 21, 2015, explaining that no event of default had occurred, and explaining that the Limited Partners had no right to direct who the management agents of the properties were to be.

20.     The Limited Partners did not respond to this letter.

21.     On October 1, 2015, counsel for Alden Management, sent a letter to each of the Counter-Plaintiffs identifying Alden Management as the authorized representative of the Limited Partners of each of the Ohio Limited Partnerships.

22.     In each of those letters, Alden Management asserted that Counter-Plaintiffs were in default of their obligations as General Partners in each of the Ohio Limited Partnerships. The letters further state that the Limited Partners demanded that Counter-Plaintiffs agree to several

conditions in order for the Limited Partners "to permit" Counter-Plaintiffs to continue serving as the General Partners of the Ohio Limited Partnerships.

23.     The Limited Partners have asserted that Counter-Plaintiff General Partners have breached their obligations by allowing the Ohio Limited Partnerships to pay to the management agent bookkeeping fees and related fees. To the contrary, those fees are reasonable and necessary, have been approved by HUD, and it is within the General Partners' express authority to authorize those services and the payment for those services.

24.     These fees have been paid by each of the Ohio Limited Partnerships since their inception in 2002, and have been fully disclosed in monthly unaudited and audited financial statements every year since then, which the Limited Partners received as they were prepared. These fees were paid to the initial management company, First Merit Realty Services, Inc., beginning in 2002. That management company was expressly approved by the Limited Partners and had no affiliation with the General Partner. Again, the audited financial statements fully disclosed these fees each year.

25.     The first time any Limited Partner voiced any objection to bookkeeping fees and related fees was in 2015.

26.     One of the conditions set forth in the October 1, 2015, letters is that the General Partners remove the management agents on each property.

27.     There is no good reason why the General Partners would terminate the management agents.

28.     There is also no good reason why the Limited Partners would demand that the General Partners remove the management agents. After payment of project expenses, the cash flow is distributed entirely to the General Partners and its affiliates to the extent they have

advanced money to the Ohio Limited Partnerships, and then 80% or more of any remaining cash flow belongs to the General Partners. Because the General Partners have advanced significant funds to these Ohio Limited Partnerships, the General Partners have by far the greatest economic interest in the management of the Ohio Limited Partnerships.

29.     Alden LLC and Alden Management caused the complaint to be filed in this case and have caused a counterclaim to be filed against certain Scott Canel controlled entities in the Southern District of West Virginia (Case No: 2:15-cv-15075), the "West Virginia action."

30.     The West Virginia action involves partnership properties for which Scott Canel related entities act as general partners. A Scott Canel Trust holds a controlling interest in the Counter-Plaintiff LLCs in this case.

31.     This action involves the four Ohio Limited Partnerships. The West Virginia action involves three West Virginia Limited Partnerships.

32.     All of the seven partnership agreements give the general partner the right to purchase the real estate, fixtures and personal property comprising the apartment complexes following the close of the compliance period, which is approaching soon. (See for example Exhibit C, the Eastpointe Apartments, L.P. Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached, Section 7.4 I, p. 43).

33.     Alden LLC and Alden Management maliciously caused the Ohio Limited Partners to initiate this action and the West Virginia Limited Partners to initiate the counterclaim in the West Virginia action, as part of a scheme to wrest control of the Limited Partnerships and to prevent the General Partners in the seven partnerships from exercising their rights to acquire the properties. This is further evidenced by the fact that an entity known as Capreit contacted the West Virginia Housing Authority in September 2015 and announced that it is soon to be taking

over the general partnership interest and property management of two of the West Virginia properties.

## Count I
## Breach of Contract

34.　　Counter-Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 33 above as the allegation of this paragraph 34.

35.　　Amberly, LLC entered into a limited partnership agreement with certain limited partners. (Exhibit A, the Amberly Apartments, LP Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached). Amtax Holdings, 204, LLC is the Investor Limited Partner and TCH Pledge Pool, LLC is the Special Limited Partner.

36.　　Ashwood, LLC entered into a limited partnership agreement with certain limited partners. (Exhibit B, the Ashwood Apartments, LP Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached). Amtax Holdings 265, LLC, is the Investor Limited Partner, and TCH II Pledge Pool, LLC, is the Special Limited Partner.

37.　　Eastpointe I, LLC, entered into a limited partnership agreement with certain limited partners. (Exhibit C). Amtax Holding 205, LLC is the Investor Limited Partner and Tax Credit Holdings, III, LLC, is the Special Limited Partner.

38.　　Kettering, LLC, entered into a limited partnership agreement with certain limited partners. (Exhibit D, the Kettering Square Apartments, LP Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached). Amtax Holdings 206, LLC is the Investor Limited Partner, and TCH Pledge Pool, LLC, is the Special Limited Partner.

39.　　Counter-Defendant Limited Partners breached their respective partnership agreements by bringing this action in bad faith in a wrongful attempt to wrest control over the Ohio Limited Partnerships and to prevent the General Partners from exercising their rights under

the partnership agreements and by not returning Asset Management Fees that they improperly received.

**Count II**
**Breach of Fiduciary Duty**

40.     Counter-Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 39 above as the allegation of this paragraph 40.

41.     Counter-Defendant Limited Partners attempted to control the management of all four Ohio properties as described above in an attempt to take on the role of general partners.

42.     As such, Counter-Defendant Limited Partners have fiduciary duties to their partners.

43.     Counter-Defendant Limited Partners breached their fiduciary duties to Counter-Plaintiff General Partners by improperly attempting to seize control of the Ohio Limited Partnerships, by wrongfully asserting that the General Partners may be removed, by wrongfully demanding that General Partners replace the management agents, and by acting in bad faith.

44.     Counter-Defendant Limited Partners' attempts to take over the day to day management and general partner functions have caused irreparable harm to Counter-Plaintiffs.

45.     Defendants Alden LLC and Alden Management conspired with the Ohio Limited Partners to breach their fiduciary duties, aided and abetted and encouraged the Limited Partners to breach their fiduciary duties, and as such are liable for the injuries this has caused to the same extent as the Limited Partners.

**Count III**
**Tortious Interference with Contract**

46.     Counter-Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 45 above as the allegation of this paragraph 46.

Page **9** of 12

47.     The partnership agreements are valid and enforceable contracts.

48.     Alden LLC and Alden Management were aware of these contracts and of the partners' legally protectable interests.

49.     Alden LLC and Alden Management intentionally and without justification caused the Limited Partners to breach their obligations as set forth herein.

50.     The conduct of Alden LLC and Alden Management has injured Counter-Plaintiff General Partners as set forth herein.

**Count IV**
**Declaratory Relief**

51.     Counter-Plaintiffs reallge and incorporate herein by reference the allegations of paragraphs 1 through 50 above as the allegation of this paragraph 51.

52.     Counter-Plaintiffs are not and have not been in default of any of their obligations as General Partners in the Ohio Limited Partnerships.

53.     Counter-Defendants have waived any objections to any action taken or action not taken by Counter-Plaintiffs by failing to object to those actions or that inaction for more than ten years.

54.     Counter-Defendants are estopped from asserting that any action taken or action not taken by Counter-Plaintiffs constitutes an event of default by failing to object to those actions or that inaction for more than ten years.

55.     Counter-Defendants have no right to demand that Counter-Plaintiffs be replaced as General Partners of the Ohio Limited Partnerships.

56.     Counter-Defendants have no right to demand that Counter-Plaintiffs replace the management agents on any of the properties.

57.     Counter-Defendants have no right to manage the Ohio Limited Partnerships.

58.     A real and justiciable controversy exists and is ripe for determination by this Court.

## PRAYER FOR RELIEF

For these reasons, Counter-Plaintiffs respectfully request that this Court enter judgment in their favor and against each of the Defendants (1) declaring that Counter-Plaintiffs are not in default of any of their obligations to the Ohio Limited Partnerships or to the Limited Partners; (2) declaring that Counter-Defendants have no right to cause Counter-Plaintiffs to be removed as General Partners; (3) declaring that Counter-Plaintiffs are not obligated to replace the management agents on any of the properties; (4) requiring the Counter-Defendant Investor Limited Partners to repay excessive Asset Management Fees they have received plus pre and post judgment interest; (5) awarding Counter-Plaintiffs compensatory and punitive damages, together with awarding Counter-Plaintiffs their costs and attorneys' fees; (6) awarding disgorgement relief, including but not limited to disgorging the Limited Partners of their limited partner interests in the Ohio Limited Partnerships; and (7) providing any other relief the Court deems just.

**AMBERLY, LLC, ASHWOOD, LLC,
EASTPOINTE I, LLC, AND KETTERING, LLC,**

**Respectfully submitted**,

By counsel:      **/s/Peter M. King**

Peter M. King – Trial Attorney (IL Bar#6183270)
William H. Jones (IL Bar#6201398)
Michael E. Crane (IL Bar#6312595)
**CANEL, KING & JONES**
70 West Madison Street, Suite 3970
Chicago, Illinois 60602
Telephone: 312-372-4142
Facsimile: 312-372-6737
Email:  pking@kingjoneslaw.com

wjones@kingjoneslaw.com
mcrane@kingjoneslaw.com

**- and –**

Harold F. Salsbery - (Ohio bar # 0080119)
**BAILEY &WYANT, PLLC**
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
Telephone: (304) 345-4222
Facsimile: (304) 343-3133
Email: tsalsbery@baileywyant.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record who have enrolled and registered for receipt of filings via the Court's ECF system, and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants: NONE.

*/s/ Peter M. King*